UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| PAUL C.[1], | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CIVIL NO. 1:21cv178 |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
|    Defendant. | ) |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) under Title XVI of the Act. Section 205(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12

---

[1] For privacy purposes, Plaintiff's full name will not be used in this Order.

months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after a hearing, the Administrative Law Judge ("ALJ") made the following findings:

    1.      The claimant meets the insured status requirements of the Social Security Act

through September 30, 2022.

2. The claimant has not engaged in substantial gainful activity since December 21, 2018, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

3. The claimant has the following severe impairments: bipolar disorder, avoidant personality disorder, PTSD, and major depressive disorder (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can understand, remember and carry out simple instructions and tasks, he can make judgments on simple work related decisions, he can respond appropriately to occasional and superficial interactions with coworkers and supervisors, he should avoid work activity requiring interactions with the general public, he can respond appropriately to usual work situations, and he can deal with routine changes in a routine work setting free from fast paced production requirements and with few, if any, changes in terms of work setting, tools and processes.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on March 23, 1980 and was 38 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969,

        and 416.969(a)).

11.    The claimant has not been under a disability, as defined in the Social Security Act, from December 21, 2018, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 18-29).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to benefits, leading to the present appeal.

Plaintiff filed his opening brief on January 31, 2022. On April 11, 2022 the defendant filed a memorandum in support of the Commissioner's decision to which Plaintiff replied on May 19, 2022. Upon full review of the record in this cause, this court is of the view that the Commissioner's decision should be affirmed.

A five step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). In the present

case, Step 5 was the determinative inquiry.

In support of remand, Plaintiff first argues that the ALJ's decision failed to account for his obesity and interrelated impairments. The ALJ noted that Plaintiff was obese, but determined that it was not a severe impairment. The Seventh Circuit has held that as long as an ALJ's findings are supported by substantial evidence, they will not be disturbed. *See Jens v. Barnhart*, 347 F.3d 209, 212 (7th Cir. 2003) ("The issue before this court is whether the ALJ's findings were supported by substantial evidence, not whether [Plaintiff] is disabled." . . . [I]f the findings of the Commissioner of Social Security are supported by substantial evidence, they are conclusive.").

In support of his argument that his obesity is a severe impairment, Plaintiff submits objective information from various medical publications describing the effects of obesity on an individual's body and argues the ALJ did not adequately consider the effects of Plaintiff's obesity given such guidance. This argument is unavailing because it speculates that certain conditions exist due to a diagnosis of obesity alone whereas agency Regulations require evidence of anatomical, physiological, or psychological abnormalities shown by medically acceptable clinical and laboratory diagnostic techniques in order to establish the presence of a medically determinable impairment. 20 C.F.R. § 404.1521. *See also Anderson v. Sullivan*, 925 F.2d 220, 222 (7th Cir. 1991) (mere diagnosis of nervousness did not prove disability).

Here, the ALJ cited to findings of normal ROM, unremarkable gait, inconsistent reporting of symptoms, and symptom improvement with medication to find that while such evidence supports that Plaintiff's obesity and related impairments were medically determinable, their effects did not rise to the level of severity described in agency Regulations (Tr. 19, 391, 558, 563). *See* 20 CFR § 404.1522. Additionally, the ALJ explicitly considered Social Security Ruling

5

19-2p, which explains that obesity "may or may not increase the severity of functional limitations of" an individual's impairments (Tr. 18-20). Soc. Sec. Ruling, SSR 19-2p: Titles II and XVI: Evaluating Cases Involving Obesity, 84 Fed. Reg. 22924 (May 20, 2019). Accordingly, the ALJ was not required to make certain findings based solely on Plaintiff's obesity. Plaintiff makes a similar argument regarding his diagnosis of inflammatory polyarthritis, which likewise fails.

Next, Plaintiff argues the ALJ failed to acknowledge physician recommendations with respect to leg elevation and weight lifting at step two. However, the ALJ considered the exact restrictions identified by Plaintiff and properly analyzed them under the substantial evidence standard. Both Plaintiff and the ALJ acknowledge that Plaintiff's primary care provider discussed leg elevation to relieve fluid retention in the lower extremities (Tr. 20). As noted by the ALJ, leg elevation appeared in patient instructions from one office visit in January 2020, when Plaintiff presented with complaints of lower extremity swelling (Tr. 403), and the remainder of the record did not support subsequent complaints of edema or consistent physician observation of swelling (Tr. 20). The ALJ's conclusion that Plaintiff's lower leg swelling had resolved is supported by a review of the record, which shows that Plaintiff no longer exhibited edema at a February 2020 office visit and that no subsequent note observed its reappearance (Tr. 390, 391, 393, 400, 564). Accordingly, the ALJ need not have considered Plaintiff's leg elevation instruction as indicative of a severe impairment.

Plaintiff and the ALJ both discuss various weight lifting restrictions that Plaintiff's physicians assigned to accommodate diastasis recti. However, the ALJ adequately explained that such restrictions did not support the presence of a severe impairment. Specifically, in January 2020, Plaintiff was directed to lift no more than 10 pounds until he saw a surgeon, after which

6

time the surgeon recommended Plaintiff "be out of the 15–20-pound weight restriction" for 6 weeks "to allow the abdominal wall to heal." (Tr. 21, 372, 399). In order to be considered severe, an impairment must be expected to last over 12 continuous months. 20 C.F.R. § 404.1509. Both restrictions appear intentionally temporary in nature, and Plaintiff does not cite to any evidence showing either restriction was permanent. Conversely, the ALJ observed that no subsequent treatment notes extended the restrictions, and Plaintiff did not seek follow-up treatment on this condition (Tr. 21). Thus, contrary to Plaintiff's assertions, the ALJ need not have considered Plaintiff's short term weight lifting restrictions as indicative of a severe impairment.

Plaintiff cites to numerous allegations and observations, such as increased frequency of joint pain in the lower extremities, neck, spine, hands, and wrists, observable pain with ROM testing during office visits, and increased frequency of headaches, and argues the ALJ did not adequately explain how they support the decision's conclusions. However, as discussed above, the ALJ provided a recitation of such findings in the decision and concluded the record did not establish that the combined effects of Plaintiff's impairments could be expected to result in exertional or postural limitations for 12 consecutive months (Tr. 21).

Notably, Plaintiff does not cite to anything in the record that would warrant greater or different findings which the ALJ did not consider. *See Shumaker v. Colvin*, 632 F. App'x 861, 867–68 (7th Cir. 2015) ("Shumaker does not identify any evidence in the record that suggests greater limitations from her obesity than those identified by the ALJ . . . Thus, even if the ALJ had erred in considering how Shumaker's obesity affects her ability to work, that error would be harmless."). Even if the ALJ did not consider every allegation cited by Plaintiff, the Seventh Circuit has held that an ALJ is not required to discuss every finding on record so long as the ALJ

provided a sufficient connection between the evidence and her conclusion. *See Schloesser v. Berryhill*, 870 F.3d 712, 717 (7th Cir. 2017) ("As long as the [ALJ] identified supporting evidence in the record and built a 'logical bridge' from that evidence to its conclusion, we must affirm."). Thus, there is no basis for remand on this issue.

     Plaiintiff next asserts that the ALJ erred in her assessment of his mental limitations. In her decision, the ALJ quoted Plaintiff's statements to his mental health therapist that his recent custody award motivated him to find work and used these statements as rationale to find that Plaintiff's testimony that he could not hold a job to be unsupported (Tr. 25, 343-44). The Seventh Circuit has held under similar circumstances that an ALJ's use of an individual's contradicting statements is appropriate. *See Wolfe v. Shalala*, 997 F.2d 321, 327 (7th Cir. 1993) (affirming ALJ's rejection of a claimant's description of his activities at a hearing that contradicted his testimony about his activities at a prior hearing). Accordingly, the ALJ was entitled to rely on Plaintiff's inconsistent statements to assign him appropriate restrictions.

     Plaintiff further argues that the ALJ's conclusion that he did not have significant difficulty getting along with caregiving professionals does not adequately support the RFC's restriction as to interacting with others. More specifically, Plaintiff argues that the therapeutic environment in which he interacted with medical providers is a different type of setting than a work environment, which warrants distinction. However, Plaintiff ignores the remainder of the ALJ's discussion in which she made this distinction and included limitations in the RFC to accommodate Plaintiff's mental health issues (Tr. 25-26). While the ALJ notes Plaintiff's abnormal mood when appearing at certain medical appointments, the ALJ also notes that Plaintiff still exhibited a calm and cooperative presentation as well as maintained appropriate eye contact during numerous exams

(Tr. 26, 343, 354, 364, 484, 486, 501, 507, 513, 519, 564).

Additionally, the ALJ cited a lack of anger or abrupt behavioral changes during these visits (Tr. 26). Finally, the ALJ explained that the RFC intentionally limited Plaintiff to an environment with reduced stressors and minimal opportunities for criticism in order to avoid exacerbation of his reported symptoms (Tr. 26). The ALJ is required only to articulate "at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning." *Diaz v. Chater*, 55 F.3d 300, 307-08 (7th Cir. 1995). ("[A]n ALJ need only 'minimally articulate' his or her justification for rejecting or accepting specific evidence of a disability." *Rice v. Barnhart*, 384 F.3d 363, 371 (7th Cir. 2004) (quoting *Stewart v. Bowen*, 858 F.2d 1295, 1299 (7th Cir. 1988)). Here, the "ALJ certainly met this lax standard." *Berger v. Astrue*, 516 F.3d 539, 545 (7th Cir. 2008).

Plaintiff also argues the ALJ did not explain how the limitation to simple instructions and tasks, routine work setting without fast-paced production requirements, and few if any workplace changes accommodate Plaintiff's reports that he sees shadows and spirits. Plaintiff cites to nothing in the record which would indicate that he warrants additional or different restrictions on account of his reported hallucinations. Moreover, Plaintiff does not regularly complain of hallucinations affecting his daily functioning and treatment notes describing his hallucinations indicate Plaintiff did not experience fear or dread on account of what he saw (Tr. 494). Any unexplained findings are therefore not outcome-determinative because the ALJ provided a rationale for Plaintiff's RFC that is otherwise supported. *See Simila v. Astrue*, 573 F.3d 503, 516 (7th Cir. 2009) ("[A]ny error here was harmless given the other reasons the ALJ cited for discounting Dr. Caillier's opinions."); *see also Berger v. Astrue,* 516 F.3d 539, 544 (7th

9

Cir. 2008) ("Berger is able to point to minor errors in the ALJ's reasoning. . . . But these misreads prove to be outliers and do not indicate that the ALJ's decision lacked an adequate factual basis."). As long as an ALJ's conclusions are "reasoned and supported by substantial evidence," substituting a Court's judgment for that of the ALJ is "an impermissible step." *Grotts v. Kijakazi*, 27 F.4th 1273 (7th Cir. 2022). As there are no errors in the ALJ's decision, remand is not warranted.

Conclusion

On the basis of the foregoing, the Decision of the Commissioner is hereby AFFIRMED.

Entered: May 25, 2022.

s/ William C. Lee<br>William C. Lee, Judge<br>United States District Court